UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR LEONAL GARCIA CRUZ,   Case No. 1:12-cv-751

    Plaintiff,   Weber, J.
                                                   Bowman, M.J.
vs.

STEVE BAUER CONSTRUCTION, LLC,

    Defendant.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motion for default judgment. (Doc. 8). The Clerk entered default after Defendant failed to answer or otherwise plead in this matter. (Doc. 7). Defendant has not responded to or opposed Plaintiff's motion for judgment.

Plaintiff's complaint asserts that he worked as a laborer for Defendant Steve Bauer Construction, LLC, building stadium seating in high schools around the state of Ohio. (Doc. 3). Plaintiff was one of six laborers paid $11.00 per hour for such work by Defendant. The Complaint asserts that Plaintiff was never paid overtime hours from April 24, 2010 through September 3, 2011. According to an investigation by the Department of Labor, Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime hours to its employees, including $1,540.00 owned to Plaintiff. Plaintiff seeks an award of his past-due overtime pay as well as liquidated damages (double the amount of unpaid wages) for a total amount of $3,081.00.

Fed. R. Civ. P. 55(b)(2) permits the Court to enter a default judgment, with or without an evidentiary hearing if a defendant has been defaulted for failure to appear or defend the action. The undersigned has reviewed the pleadings in this matter and does not doubt the truth of the allegations contained in Plaintiff's complaint. Plaintiff is requesting a sum certain and the FLSA clearly authorizes liquidated damages in cases such as this.[1] Thus, the undersigned is satisfied that a hearing is not required, with the condition that Plaintiff file a sworn statement and/or affidavit witnessed by a notary public attesting to the facts contained in the Complaint within **14 days** of the filing of this Report and Recommendation.

Accordingly, it is therefore **RECOMMENDED** Plaintiff's motion for default judgment (Doc. 8) be granted, conditionally, as outlined above, and judgment be entered in favor of Plaintiff and against Defendant Steve Bauer Construction, LLC, in the amount of $3,081.00, together with costs and post-judgment interest accruing at the legal rate.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1]The award of liquidated damages in FLSA cases is governed by 29 U.S.C. § 216(b), which states in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title [minimum wage or overtime provisions] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title [retaliation provision] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR LEONAL GARCIA CRUZ,  Case No. 1:12-cv-751

　　　　Plaintiff,  Weber, J.
　　　　　　　　　　Bowman, M.J.
vs.

STEVE BAUER CONSTRUCTION, LLC,

　　　　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).